Tuesday, 10 June, 2014  11:32:46 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ) <br> CRAIG HARVEY, ) <br> ) <br> Petitioner, ) <br> v. ) <br> ) <br> MICHAEL LEMKE, Warden, ) <br> Stateville Correctional Center, ) <br> ) <br> Defendant ) <br> ) | Case No.: 13-1362 |

**ORDER**

This matter is before the Court on Petitioner, Craig Harvey's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 [1]. For the reasons set forth below, the Petition [1] is DENIED.

**Background**

Petitioner is an inmate at Stateville Correctional Center in Joliet, Illinois under the custody of Respondent, Warden Lemke. Following a jury trial in the Circuit Court of Peoria County in 2005, Petitioner was convicted of first-degree murder, aggravated battery with a firearm, and unlawful possession of a weapon by a felon and sentenced to consecutive terms of 70 years for murder and a 15-year term for aggravated battery, as well as a concurrent seven-year term for unlawful possession of a weapon.

Petitioner pursued a direct appeal to the Illinois Appellate Court, contending that he was denied a fair trial because the prosecutor made improper references to trials on television during closing argument. On February 21, 2007, the appellate court affirmed the conviction finding that the claim had been forfeited because it had not been raised

1

through objection at trial or in a post-trial motion.  No Petition for Leave to Appeal (PLA) to the Illinois Supreme Court was filed from this decision.

In August 2010, Petitioner filed a *pro se* post-conviction petition for relief pursuant to 725 ILCS 5/122-1 arguing:   (1) appellate counsel was ineffective for various reasons, and (2) trial counsel was also ineffective. The trial court dismissed the Petition and Petitioner appealed, raising only two claims: (1) trial counsel was ineffective for failing to interview or subpoena alibi witnesses, and (2) the trial court erred by ordering Petitioner to submit a DNS sample and pay the related fee.  Judgment was affirmed, but the portion of the trial court's order directing Petitioner to submit a DNA sample and pay the corresponding fee was vacated.  In a *pro se* PLA, Petitioner argued that (1) trial counsel was ineffective for failure to interview or subpoena alibi witnesses, and (2) the post-conviction appellate court erred by denying him leave to file a pro se supplement to the appellate briefs submitted by counsel.  On May 29, 2013, the Supreme Court denied leave to appeal.

Petitioner filed the instant Petition raising nine claims: (1) appellate counsel was ineffective; (2) trial counsel was ineffective; (3) he was denied his right to a speedy trial; (4) the State knowingly relied on perjury to obtain the conviction; (5) the prosecutor made improper remarks to the jury; (6) he was not proven guilty beyond a reasonable doubt; (7) a witnesses' videotaped statement was erroneously allowed in evidence; (8) he was denied due process when he was identified during an unduly suggestive lineup; and (9) his sentence was unconstitutional because he was never notified that enhancements were being sought.  Respondent has filed his answer, and this Order follows.

**Discussion**

When presented with a petition for writ of Habeas Corpus pursuant to 28 U.S.C. §2254, a district court must first consider whether the petitioner has exhausted all available state remedies. If the district court determines that the petitioner has not given the state courts a "full and fair opportunity to review" the claims in its own judicial process prior to petitioning for federal review, the petition is barred for failure to exhaust state remedies and the district court cannot address the merits of the constitutional claims. Dressler v. McCaughtry, 238 F.3d 908, 912 (7th Cir. 2001) (citations omitted); *see also* 28 U.S.C. § 2254(b).

In order for exhaustion to occur, the petitioner must assert each of the federal claims to be brought in his habeas corpus petition at each and every level in the state court system. Lewis v. Sternes, 390 F.3d 1019, 1025 (7th Cir. 2004) (citations omitted). This can be done on direct appeal or in post-conviction proceedings, but the petitioner must present the state judiciary with "both the operative facts and the legal principles that control each claim." Stevens v. McBride, 489 F.3d 883, 894 (7th Cir. 2007) (citations omitted). Additionally, "an applicant shall not be deemed to have exhausted the remedies available to the courts of the State…if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Procedural default occurs when the petitioner had a claim that could have been presented to the state court but was not, and cannot, at the time the federal petition is filed, be presented to the state court. Lemon v. O'Sullivan, 54 F.3d 357, 360 (7th Cir. 1995) (citation omitted). This can happen in one of two ways. First, procedural default can occur when a petition fails to pursue each appeal required by state law, or when he

did not assert in state court the claims raised in the federal habeas corpus petition. Jenkins v. Gramley, 8 F.3d 505, 507-508 (7th Cir. 1993); Stone v. Farley, 86 F.3d 712, 716 (7th Cir. 1996). The second way procedural default may occur is when a state court decides the case on "an independent and adequate" state law ground, regardless of whether that ground is substantive or procedural. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2553-55 (1991). A state law ground is independent when the court actually relied on the procedural bar as an independent basis for its disposition of the case. Smith v. McKee, 598 F.3d 374, 382 (7th Cir. 2010) *citing* U.S. v. ex rel. Bell v. Pierson, 267 F.3d 544, 556 (7th Cir. 2001). A state law ground is adequate when it is a firmly established and regularly followed state practice at the time it is applied. Id. *citing* Franklin v. Gilmore, 188 F.3d 877, 882 (7th Cir. 1999).

If a claim has not been barred for failure to exhaust or for procedural default, the district courts must apply a strict analysis. 28 U.S.C. §2254(d) bars relitigation of any claim previously "adjudicated on its merits" in state court unless the decision of the state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on unreasonable determination of facts in light of the evidence presented in the State court proceedings.

28 U.S.C. 2254(d). *See also* Willimas v. Taylor, 529 U.S. 362, 402-404 (2000); Harrington v. Richter, 131 S.Ct.770, 784 (2011).

Subsection (d)(1) instructs that Supreme Court precedent governs legal questions. Lindh v. Murphy, 96 F.3d 856, 869 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059 (1997). In resolving mixed questions of law and fact, relief is

unavailable unless "the state's decision reflects an unreasonable application of the law," meaning federal courts are to have a hands-off attitude unless the state court judgment is premised on unreasonable error. Id. at 870 (internal quotation marks omitted). A responsible, thoughtful decision that is made after a full opportunity to litigate suffices, "even if it is wrong." Id. at 871, 876-77. Subsection (d)(2) pertains to a decision constituting an unreasonable determination of facts, and, according to 28 U.S.C. § 2254(e)(1), factual issues are presumed to be correctly resolved. A petitioner must rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Although all of Petitioner's claims were raised in his post-conviction petition, he failed to raise them in his appeal from the denial of that petition. When Petitioner attempted to file a pro-se supplemental brief raising these issues on appeal, his request was denied based on the state law ground that prisoners cannot file pro-se supplements in appeals in which they are represented by counsel. Accordingly, Petitioner failed to raise his claims through one complete round of judicial review, and the Appellate Court enforced an independent and adequate state law procedural ground in denying leave to file his supplement.

State courts may refuse to review a claim if it was "not presented in the right court, in the right way, and at the right time – as state rules define those courts, ways, and times." Johnson v. Loftus, 518 F.3d 453, 458 (7th Cir. 2008). Illinois courts have a well-established rule that prohibits defendants that are represented by counsel from filing pro se supplemental pleadings or motions, otherwise known as hybrid representation. *See* People v. Rucker, 346 Ill.App.3d 873, 882 (1st Dist. 2004); People v. McDonald, 660 N.E.2d 832, 838 (Ill. 1995); People v. Stevenson, 960 N.E.2d 739, 745 (1st Dist. 2011).

This is sufficient to justify the Illinois Appellate Court's decision. Accordingly, if the rule is applied in a consistent and principled way, any such claims will be barred from federal review. Prihoda v. McCaughtry, 910 F.2d 1379, 1382-83 (7th Cir. 1990).

The Seventh Circuit has not addressed the issue of whether the prohibition against hybrid representation can be invoked as an independent and adequate state law ground for purposes of a procedural default analysis. *See* Kizer v. Uchtman, 165 F.Appx. 465, 467 (7th Cir. 2006). However, district courts addressing this issue have consistently held that where the bar against hybrid representation was expressly relied on in the state courts, that constitutes an independent and adequate state procedural ground for denying leave to file a pro se supplement, even if this results in a procedural default of the claims. Galvez v. Hardy, 2012 WL 588809, at *3-4 (N.D.Ill. Feb. 22, 2012); Cumbee v. Hardy, 2012 WL 138647, at *2 (N.D.Ill. Jan. 18, 2012); Dolis v. Gilson, 2009 WL 5166228, at *8 (N.D.Ill. Dec. 23, 2009); Harris v. Rednour, 2011 WL 5039811, at *3 (N.D.Ill. Oct. 21, 2011). The Court finds this reasoning to be persuasive.

Here, in denying Petitioner leave to file a supplemental brief pro se, the Appellate Court specifically noted the State's response brief, which rested solely on an objection to Harvey attempting to proceed with hybrid representation and cited McDonald and People v. Thompson, 331 Ill.App.3d 948, 951 (1st Dist. 2002). His PLA to appeal to the Illinois Supreme Court, which raised the claim that the Appellate Court had erred by not allowing him to file his pro se supplement, was also denied. The Court therefore concludes that the state courts relied on an independent and adequate state law ground in rejecting the claims that Petitioner is attempting to bring in the present petition, and Harvey's claims are procedurally defaulted.

Federal courts will not review claims that are procedurally defaulted unless the petitioner can demonstrate "cause and prejudice" to excuse the fault. Dretke v. Haley, 541 U.S. 386, 388 (2003). Cause sufficient to excuse procedural default is "some objective factor external to the defense" which prohibits him from pursuing his constitutional claim in state court. Murray v. Carrier, 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.29 397 (1986). It is also possible to get review of procedurally defaulted claims in federal courts if the petitioner can demonstrate a sufficient probability that the failure to review would result in a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). A fundamental miscarriage of justice occurs when a petitioner establishes "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.29 397 (1986).

Petitioner has not proffered, nor can he show, any cause to excuse these defaults, let alone actual prejudice, and he has not invoked the fundamental miscarriage of justice exception. Although he argues that his claims were not raised on direct appeal as a result of ineffective assistance of counsel, he cannot justify why the claims were not properly preserved through the post-conviction process. Section 2254 specifically rejects ineffective assistance of post-conviction counsel as a basis for relief, as there is no right to effective assistance of post-conviction counsel, and Petitioner could have dismissed counsel and proceeded pro se in order to present his claims through the post-conviction process. Kitchen v. United States, 227 F.3d 1014, 1018 (7th Cir. 2000). He has therefore failed to overcome his procedural default, and his habeas corpus claims are barred from further federal review.

Rule 11(a) of the Rules Governing § 2254 Proceedings states "district court must issue or deny a certificate of appealability (CA) when it enters a final order adverse to the applicant." To obtain a CA, a petitioner must make a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court has rejected the constitutional claim on the merits, § 2253(c) requires the petitioner demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the court denies a habeas petition on procedural grounds without reaching the underlying constitution claim, a CA should be issued only when the petitioner shows "that jurists would find it debatable whether the petition states a valid claim of a constitutional right and jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

All of Petitioner's claims have been procedurally defaulted. Petitioner did not raise any arguments that jurists of reason would find debatable. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 [1] is DENIED.

ENTERED this 10th day of June, 2014.

                                              s/ James E. Shadid
                                              James E. Shadid
                                              Chief United States District Judge