UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. CRAIG HARVEY, <br><br> Petitioner, <br> v. <br><br> MICHAEL LEMKE, Warden, Stateville Correctional Center, <br><br> Defendant | Case No.: 13-1362 |

## ORDER

This matter is before the Court on Petitioner, Craig Harvey's ("Petitioner"), Motion for Leave to Proceed In Forma Pauperis on Appeal and Motions for Certificate of Appealability from the denial of his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. For the reasons set forth below, the Motion for Leave to Proceed In Forma Pauperis on Appeal [18] is DENIED, and his Motions for Certificate of Appealability [19, 22] are also DENIED.

### Discussion

Title 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In denying Harvey's § 2254 petition, the Court found that his claims were all procedurally defaulted. Although all of Petitioner's claims were raised in his post-conviction petition, he failed to raise them in his appeal from the denial of that petition. When Petitioner attempted to file a pro-se supplemental brief raising these issues on appeal, his request was denied based on the state law ground that prisoners cannot file pro-se supplements in appeals in

which they are represented by counsel.  *See* People v. Rucker, 346 Ill.App.3d 873, 882 (1st Dist. 2004); People v. McDonald, 660 N.E.2d 832, 838 (Ill. 1995); People v. Stevenson, 960 N.E.2d 739, 745 (1st Dist. 2011). Accordingly, Petitioner failed to raise his claims through one complete round of judicial review, and the Appellate Court enforced an independent and adequate state law procedural ground in denying leave to file his supplement.  Accordingly, the appeal would appear to be frivolous, and the Court cannot find that this appeal is being taken in good faith. His Motion to Proceed In Forma Pauperis on Appeal is therefore DENIED.

      Rule 11(a) of the Rules Governing § 2254 Proceedings states "district court must issue or deny a certificate of appealability (CA) when it enters a final order adverse to the applicant." To obtain a CA, a petitioner must make a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The Court denied this habeas petition on procedural grounds without reaching the underlying constitution claims.  As a result, a CA should be issued only when the petitioner shows "that jurists would find it debatable whether the petition states a valid claim of a constitutional right and jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court previously held that Petitioner failed to satisfy this standard, and his two additional motions seeking a COA are largely attacks on the merits of the procedurally defaulted claims and do nothing to call this holdding into question.

      All of Petitioner's claims have been procedurally defaulted. Petitioner did not raise any constitutional claims that jurists of reason would find debatable or otherwise

2

demonstrate that jurists of reason would question the Court's procedural ruling. Accordingly, the Court again declines to issue a certificate of appealability.

For the reasons set forth above, the Motion for Leave to Proceed In Forma Pauperis on Appeal [18] is DENIED, and his Motions for Certificate of Appealability [19, 22] are also DENIED.

ENTERED this 10th day of July, 2014.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge